CASE 61—PETITION EQUITY—APRIL 19.

# Louisville School Board, Etc. v. City of Louisville, Etc.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

1. CONSTITUTIONAL LAW.—An act of the legislature may be upheld as a whole, while some of its parts may be declared invalid; that part of the act of March 1, 1898, regulating the common schools in the city of Louisville, providing a different rule for enumerating and listing children of pupil age in that city from that provided by the general law, is invalid.

2. SAME.—The fact that the said act provides that the returns are to be made by wards, when there are portions of the district not laid off into wards, will not invalidate the act, as the city authorities, or the school board, may lay off the territory into school wards, or number the houses for school purposes.

RANDOLPH H. BLAIN FOR APPELLANTS.

1. As long as the injunction stands the school board can not take a school census under the provisions of the act of March, 1898, and an early decision of the question involved is urged for that reason.

H. L. STONE FOR APPELLEES.

1. The operation of the act in making it impossible to enumerate the pupil children residing in the whole district creates an inequality against the city of Louisville that exists nowhere else in the State, and the act is therefore unconstitutional. Constitution, secs. 183, 184 and 186; Louisville School Board v. Superintendent of Public Instructions, 19 Ky. Law Rep., 1350; Kentucky Statutes, secs. 4364, 4449 and 2949; Mullin v. McDonald, 101 Ky., 87.

2. A large part of the territory annexed and now within the city limits of Louisville, has not been divided into wards, and it would be an impossibility to enumerate and list the school children in this territory.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The question presented is one involving the validity of the Legislative act of March 1, 1898, regulating common schools in the city of Louisville. It is contended by the city and certain tax-payers therein that the entire act which is in the nature of an amendment to section 2974 of the Kentucky Statutes, touching common schools for that city, is unconstitutional because its provisions for enumerating and listing the children of pupil age are so different from the provisions of the law in all other common school districts in the State, as to work injustice to the Louisville district, and cause gross inequality in the distribution of the common school fund.

This contention was upheld by the chancellor and the entire act declared to be void.

We think this condemnation is too sweeping. It is often the case that an act may be upheld as a whole while some of its parts may be declared invalid, and in the present instance this rule is clearly applicable.

The following clauses of the act in question exclude from the pupil list in the city of Louisville, children not so excluded by the law applicable to the other common school districts of the State, viz.:

"They, the enumerators, shall not include in the census any person residing temporarily in the city for the purpose of attending school, or who are members of a family staying temporarily in the same but whose actual residence is elsewhere, nor shall they enumerate others who reside in the city temporarily for whatever purpose, but whose parents or guardians reside elsewhere. They shall

not include in the census any child that has been adjudged an idiot, that is blind, deaf and dumb, or that is in attendance at the State institution for the feeble minded."

The general law on the point in question controlling the enumeration in other districts is as follows:

"And said trustees shall not take the census of any children who have recently removed into the district and who have been previously reported in the census of pupil children for the year in the district from which they have removed or who have recently removed into the district from another State or county," etc.

Whatever may be the proper construction of these different provisions, and we are not now called on to construe them, it is certain that those attempted to be imposed in the act under consideration are much more exclusive in their effect than those of the general law. A simple illustration is afforded here at the seat of government:

There are perhaps a hundred families located in the city of Frankfort, all "staying temporarily in the same but whose actual residence is elsewhere," and the children of many of these temporary residents are attending the public schools of the city. They are enumerated under the general law by the trustees as pupil children and ought to be, unless they have been reported elsewhere.

The law controlling the question of what children shall go in the list in the city of Louisville must be the same as that which controls the same question in all other districts; and every regulation to the contrary is as obnoxious to the equality of distribution contemplated by the

organic and statutory law as if the school age were fixed between eight and sixteen in Louisville instead of six and twenty as in the general law.

The remaining provisions of the act do not seem to us to be open to serious objections. The census may be taken annually as is done elsewhere, and while the amendment provides that the returns are to be made by wards, although there are portions of the district not laid off into wards, still we see no reason why the city authorities may not lay off the territory into school wards at least, or why even the school board may not do so or number the houses for school purposes.

The requirements that the returns are to be made by wards and the houses numbered, as well as other requirements of this act may cause some temporary inconvenience, but they do not vitally affect the equal distribution of the school fund as contemplated by the organic law.

The judgment is reversed to the end that the order of injunction may be modified in accordance with the principles of this opinion.